**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JEFFREY D. PRATTE,**

                **Plaintiff,**

**-vs-**                                                                  **Case No.  6:07-cv-775-Orl-19DAB**

**ELIZABETH WUEBBELS, M.D.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 10)**
>
> **FILED:**     **July 17, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff, a prisoner currently incarcerated in Florida, files this diversity action against Defendant, seeking in excess of ten million dollars for Defendant's alleged negligence/medical malpractice (Doc. No. 1). For the reasons set forth herein, the Court finds that it lacks personal jurisdiction over Defendant and therefore **recommends** dismissal of this action.

## *FACTUAL BACKGROUND*

According to Plaintiff,[1] Defendant is a medical doctor and a citizen of the state of Illinois, and Plaintiff is incarcerated in, and a citizen of, Florida.  Plaintiff alleges that Defendant began treating him for psychological problems in early spring of 1993, and was "grossly negligent" in, among other things, engaging in an improper sexual relationship with him, and providing him with alcohol and inappropriate prescription drugs.  The Complaint asserts that the Illinois Department of Professional Regulation investigated the allegations and Defendant "admitted allegations, and entered into [an] agreement with the Department, resulting in conditional professional probation." (Doc. No. 1 at p. 4).  Plaintiff attaches a copy of the findings of the Department of Professional Regulation to the Complaint.

The Complaint alleges that Plaintiff previously filed suit on these allegations in Illinois state court, and the suit was dismissed with prejudice (Doc. No. 1 at pp. 4-6).  Plaintiff appealed, and the appeal was dismissed by the state appellate court.  Plaintiff has attached to the Complaint copies of the state court pleadings and orders.  Although Wuebbels is the sole Defendant, Plaintiff also complains that he was denied his Fourteenth Amendment protections of due process and equal protection by the Illinois state courts.

Defendant moves to dismiss, asserting that the Court lacks personal jurisdiction over her and that the cause of action is barred in any event by *res judicata*.  As part of Plaintiff's response papers, he moves to amend the Complaint to add assertions that Defendant was practicing medicine in the State of Florida, unlicensed, was actively treating Plaintiff and Plaintiff was injured in the State of

---

[1] The following statement of the facts is derived from Plaintiff's Complaint (Doc. No. 1), the allegations of which this Court must take as true in ruling on a motion to dismiss.  *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

-2-

Florida as a result.[2] Plaintiff also seeks to add a claim that Defendant "violated the Patient-Plaintiff's federally guaranteed constitutional right to medical privacy, as well as Florida's constitutional protection for medical privacy when she discussed the patient's private medical information with unauthorized persons in Pinellas County, Florida and the Plaintiff was injured as a result."

### *LEGAL STANDARD*

When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto. *Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (internal citation omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, pursuant to *Twombly* which abrogated *Conley,* to survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[2] Plaintiff also wishes to add allegations of unlicensed practice and wrongdoing while Plaintiff was residing in Arkansas and Louisiana.

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). However, in the case of a *pro se* action, the Court should construe the complaint more liberally than it would a complaint drafted by a lawyer. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## *ANALYSIS*

Plaintiff asserts two kinds of claims: a negligence/malpractice claim against Defendant, and a denial of due process claim against the courts of Illinois, a non-defendant here. As pled, the Court does not have personal jurisdiction over Defendant with respect to the only cognizable claim arguably presented, and it is therefore **respectfully recommended** that the motion to dismiss be **granted.** As the proposed "amendments" are futile, it is **respectfully recommended** that the motion to amend be **denied.**

### *Personal Jurisdiction*

Although Plaintiff asserts several "claims" against the Illinois state court, including claims against the clerk of court and the appellate court, neither the State of Illinois nor any judge or clerk, is named as a defendant. To the extent any claim against the state of Illinois is implied, it is likely barred by the Eleventh Amendment to the United States Constitution. Any claim against a particular judge or clerk is also likely barred by the applicable doctrines of immunity. As the only named defendant is Elizabeth Wuebbels, and Plaintiff presents no factual allegations or legal basis to support a claim that she is liable for the actions of the Illinois courts, the Complaint fails to state a cognizable cause of action against her for the due process violations allegedly committed by the state courts. The only arguable claim presented against the only defendant in the suit is one for negligence and/or medical malpractice.

In her motion and accompanying affidavit, Defendant asserts that she is not subject to personal jurisdiction in Florida. Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. *Id.* at 1269, *quoting Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). "Where, as here, the defendant submits an affidavit contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavit contains only conclusory assertions that the defendant is not subject to jurisdiction. Where the complaint and supporting affidavits and documents conflict with the defendant's affidavit, all reasonable inferences are construed in favor of the plaintiff." *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006).

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over a non-consenting defendant if the cause of action 'arises out of' or 'relates to' the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985). The determination of whether the Court has personal jurisdiction over a non-resident defendant requires a two-part analysis. *See Nida Corp. v. Nida*, 118 F. Supp.2d 1223, 1226-28 (M.D. Fla. 2000) (citing *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla. 1989)). First, the Court must determine whether there is a basis for jurisdiction under Florida's long-arm statute, Florida Statute § 48.193. *See* Fed. R. Civ. P. 4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626-27 (11th Cir. 1996). Second, if the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must consider whether the defendant's contacts with the state of Florida are sufficient to satisfy the Due Process clause of the Fourteenth Amendment such that maintenance of the suit in Florida does not

offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 315-17, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir. 1990); *Venetian Salami,* 554 So.2d at 502. If the requirements of both Florida's long-arm statute and the Due Process clause are satisfied, then the Court may exercise personal jurisdiction over the non-resident. *See Madara v. Hall,* 916 F.2d 1510, 1516 (11th Cir. 1990).

The applicable portion of Florida's long-arm statute provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.

\* \* \*

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

\* \* \*

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla.Stat. § 48.193.

Here, Plaintiff alleges (in the Illinois complaint attached to and incorporated into the instant Complaint) that Defendant traveled with Plaintiff to Florida, rented a motel room and "spent the

weekend drinking alcohol with him, and then left him alone and intoxicated in Florida." (Doc. No. 1-2 at p. 7). Plaintiff returned to Illinois and eventually left for Florida again, by himself, and "right before he left . . . Dr. Wuebbels provided yet more prescription controlled substances for him to travel with." *Id.* at 8. The Complaint is otherwise non-specific regarding Defendant's alleged contacts with Florida.

Defendant has filed her Affidavit, in which she avers that she is a medical physician and has been licensed in the State of Illinois and has never been licensed in any other state, including Florida. (Doc. No. 10-2). She admits to two visits to the State of Florida, the first in July 1996 (from Thursday until Tuesday) and the second from April 22 until April 24, 2001, both "at the request of Plaintiff." Defendant denies prescribing any medication "while within the territorial boundaries of the State of Florida;" nor intended to be filled in the State. She denies rendering any medical assistance, guidance, and/or treatment to the Plaintiff or any other person during the two visits; denies conducting any ongoing business nor engaging in "solicitation or service activities" within the State, and denies engaging in any substantial and non-isolated activity within the State. *Id.*

In response, Plaintiff avers, in a conclusory fashion, that Plaintiff was actively practicing medicine without a license in Florida and that he was injured here as a result. Even construing all inferences in Plaintiff's favor, Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over Defendant.

There is no evidence that Defendant was carrying on a business or business venture in the State of Florida. She was unlicensed to do so, and there is no allegation that her "treatment" of Plaintiff was related to any business but, rather, was the result of a personal relationship. To the extent Plaintiff alleges that Defendant committed the tortious act of practicing in Florida without a license, Plaintiff pleads no *facts* as opposed to conclusions, to support such a finding. Plaintiff asserts

that Defendant traveled to Florida with him, rented a motel room and "spent the weekend drinking alcohol with him, and then left him alone and intoxicated in Florida." Assuming the truth of this statement, Plaintiff fails to show how these facts amount to the unlicensed practice of medicine. Indeed, these facts indicate reckless and irresponsible *personal* behavior by two adults, but do not establish that any tortious activity occurred. There is no allegation that such conduct was in the guise of medical treatment and no support for the conclusion that a weekend spent drinking is malpractice, merely because a doctor was involved.

Nor does Plaintiff establish that activities outside the state caused injury in the state, pursuant to § 48.193(1)(f). Defendant was not alleged to have engaged in solicitation or service activities within the State and no "products" manufactured by Defendant were consumed here. To the extent Plaintiff asserts that Defendant gave him medications to "travel" with, such an act occurred outside the State and, absent solicitation or service activities in Florida, do not serve as a basis for long-arm jurisdiction here.

Plaintiff has failed to meet his burden of establishing specific jurisdiction pursuant to the long arm statute. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985) (requiring a showing that the defendant has purposefully directed his activities to the forum state and the alleged injury to the forum resident arises out of those activities). Plaintiff has also failed to meet his burden with respect to general jurisdiction, as there is an inadequate showing that Plaintiff was engaged in "substantial and not isolated activity" within Florida. Two brief visits to the State, absent more, do not constitute "substantial" activity. As Plaintiff has made an insufficient showing with respect to the requirements of Florida's long arm statute, the Court need not address the second portion of the jurisdictional test – meeting the due process requirements. Suffice it to say that Defendant's isolated activity within the State does not warrant the exercise of

this Court's jurisdiction. As pled, the Complaint must be dismissed for failure to establish personal jurisdiction over Defendant.

*Proposed Amendments*

Although not docketed separately, as noted above, Plaintiff has moved to amend the Complaint, to add additional allegations. The Court recommends that the motion to amend be **denied** in that the tendered allegations are insufficient to establish personal jurisdiction, and the amendment would thereby be futile.

As summarized above, the tendered amendment (Doc. No. 14, pp. 6-7) seeks to add the following allegations:

> 1. Amend claims I through IV to include the following text at the end of each of the present claims: "And the said occurred while the Plaintiff was a patient of the doctor; and the plaintiff was residing in the state of Florida; and the defendant was practicing medicine in the state of Florida, unlicensed, unlawful or other; and the defendant was actively treating the patient, who was mentally ill, medically and psychologically; and the plaintiff was injured in the state of Florida as a result."
>
> 2. Further amend claims I through IV to include the following text at the end of each of the above amendments: "(B) And the said also occurred while the Plaintiff was residing in the states of Arkansas and Louisiana; and the Plaintiff was a patient of the doctor; and the defendant was practicing medicine in the states of Arkansas and Louisiana, unlicensed, unlawful or other; and the defendant was actively treating the patient, who was mentally ill, medically and psychologically; and the Plaintiff was injured in the states of Arkansas and Louisiana as a result."
>
> 3. Add: "Claim XXXI: Dr. Elizabeth Wuebbels, M.D., unlawfully delivered, dispensed, administered, distributed, or gave dangerous controlled substances across several state territorial boundaries; and the Defendant was not licensed to do so: and these actions resulted in injury to the Plaintiff; and the actions amount to unlawful interstate commerce and significantly involved Florida, Arkansas, and Louisiana, all residences of the Plaintiff."
>
> 4. Add: "Claim XXXII : Dr. Elizabeth Wuebbels, M.D., unlawfully employed federally regulated air transport in furtherance of unlawful interstate commerce, to wit, unlawful distribution or like of dangerous controlled substances as above . . .; and the defendant used federal airspace with the purpose of drugging and exploiting her mentally ill patient whom she was transporting causing injury to the Plaintiff.

5. Add "Claim XXXIII: Dr. Elizabeth Wuebbels, M.D., violated the patient-plaintiff's federally guaranteed constitutional right to medical privacy, as well as Florida's constitutional protection for medical privacy when she discussed the patient's private medical information with unauthorized persons in Pinellas County Florida; and the Plaintiff was injured as a result.

The first proposed amendment is the only one which purports to address the jurisdictional deficiencies. As discussed above, there is simply no factual support for an allegation that Defendant's conduct, as alleged in the Complaint, amounts to practicing medicine in the State of Florida. As for the other proposed amendments, the addition of allegations of wrongdoing in Arkansas and Louisiana do nothing to establish personal jurisdiction over this Defendant in this Court; nor do allegations of "unlawful interstate commerce" involving several states or the use of federal airspace.[3]

The final proposed amendment seeks to add a claim for violation of constitutional privacy rights with respect to medical information. Even if the Court interpreted the allegation to assert that the violation of constitutional right of privacy occurred in Florida, and that personal jurisdiction was somehow established (a conclusion the Court does not make), the "claim" pleads no recognizable cause of action between two private citizens. As the Southern District of Florida has recognized:

> As a matter of substantive constitutional law the state action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringements by governments.' *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982) quoting *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The constitutional right to privacy, "while defying categorical description," has been held to emanate from the due process clause of the Fourteenth Amendment, *Paul v. Davis*, 424 U.S. 693, 713, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405 (1976), and because that Amendment "is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.' " *Lugar,* 457 U.S. at 925, 102 S.Ct. at 2747.
> \*\*\*
> Similarly, the right to privacy as guaranteed by the Florida Constitution is only protected from "governmental intrusion." Fla. Const., Art. 1, § 23. **Thus, "state**

---

[3]Nor do these claims state a recognizable private cause of action, in any event.

-10-

**action" is a necessary predicate for any claim of a violation of a constitutional right to privacy under the Florida and United States Constitutions.**

*Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper, Inc. v. Ferre*, 636 F.Supp. 970, 975 -976 (S.D. Fla.1985) (emphasis added).  No such state action is alleged here, and the amendment would therefore be futile.[4]

As the Complaint, as pled, fails to establish personal jurisdiction over the only Defendant named, it is **respectfully recommended** that it be **dismissed.** As the proposed amendment does not cure the deficiency with respect to the initial claims and seeks to add new claims that are not cognizable against this Defendant in this Court, it is **respectfully recommended** that leave to amend be **denied** and the case be closed.[5]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] Nor does it appear that Plaintiff has any other federal cause of action based on these vague facts.  The Health Insurance Portability and Accountability Act ("HIPPA"), which protects against certain disclosures, does not provide for a private federal cause of action.  *Silva v. Porter,* 2006 WL 1890194 (M.D. Fla. 2006).

[5] In so recommending, the Court notes that it is *not* passing on the merits *vel non* of Plaintiff's dispute with Defendant and/or the Illinois courts.  Rather, the Court finds that it has no jurisdiction over this non-consenting Defendant (or the State of Illinois) sufficient to adjudicate any of the claims.  Plaintiff must pursue his claims, if at all, in a different forum.