UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY D. PRATTE,

    Plaintiff,

v.                               Case No. 6:07-cv-775-Orl-19DAB

ELIZABETH WUEBBELS, M.D.,

    Defendant.

**ORDER**

This case comes before the Court on the following:

1.     Report and Recommendation and Order of the United States Magistrate Judge (Doc. No. 20, filed November 21, 2007); and

2.     Plaintiff's Written Objection to Report and Recommendation and Order (Doc. No. 21, filed December 4, 2007).

*I.    Background*

Plaintiff, a prisoner incarcerated in Florida and proceeding *pro se*, filed a diversity action against Defendant for alleged negligence/medical malpractice (Doc. No. 1). Defendant moved to dismiss the case alleging that the Court lacks personal jurisdiction over Defendant. (Doc. No. 10.) Plaintiff filed a response to the motion to dismiss arguing that personal jurisdiction exists and alternatively seeking to amend the complaint. (Doc. No. 14.) The Magistrate Judge issued a Report and Recommendation finding that the Court lacked personal jurisdiction over Defendant pursuant to the Florida long-arm statute.

(Doc. No. 20 at 4-9.) The Report and Recommendation further recommended that Plaintiff's motion to amend the complaint be denied, because the allegations were insufficient to establish personal jurisdiction, thereby making the amendment futile. *Id.* at 9-11.

Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that Defendant is subject to personal jurisdiction in this Court pursuant to section 48.193(f)(2),[1] Florida Statutes. (Doc. No. 21 at 2-4.) Specifically, Plaintiff asserts that the prescription drugs prescribed by Defendant were products that were "processed, serviced or manufactured by the Defendant . . . and . . . were used or consumed within this State in the ordinary course of commerce or trade. . . ." *Id.* at 2. Plaintiff further renews the arguments he offered in his reply to the motion to dismiss regarding personal jurisdiction. *Id.*

## II. Standard of Review

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (*quoting Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. The district court may accept, reject, or modify in

---

[1]Although Plaintiff cites to section 48.193(f)(2), Florida Statutes, it is clear from his objection that he is actually referring to section 48.193(1)(f)(2), Florida Statutes.

2

whole or in part, the findings or recommendations made by the Magistrate Judge. *Id.* at 784. When conducting its *de novo* review, "the district court's consideration of the factual issues [must] be independent and based upon the record before the court." *Id.* (*quoting LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

### III.   Analysis

Plaintiff contends that Defendant is subject to personal jurisdiction in this Court pursuant to the Florida long-arm statute. In opposition to Defendant's motion to dismiss, Plaintiff alleged, in a conclusory manner, that Defendant was actively practicing medicine in Florida without a license and that Plaintiff was injured here as a result. In his objection to the Report and Recommendation, Plaintiff asserts that Defendant is subject to personal jurisdiction in this Court based on section 48.193(1)(f)(2).

Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). To establish a *prima facie* case, the plaintiff must present enough evidence to withstand a motion for directed verdict. *Id.* at 1269. "Where, as here, the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. Where [the] complaint and supporting affidavits and documents conflict with the [d]efendant's affidavits," all reasonable inferences are construed in favor of the plaintiff. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)

(citation omitted).

A district court may exercise specific jurisdiction over a non-consenting defendant, who is not subject to general jurisdiction in the forum, if the cause of action "arises out of" or "relates to" the defendant's in-state activity. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). A two-part analysis applies when determining whether a court has personal jurisdiction over a non-resident defendant. *See Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1226-28 (M.D. Fla. 2000) (*citing Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)). First, the court must consider whether a basis for jurisdiction exists pursuant to the Florida long-arm statute, section 48.193, Florida Statutes. *Id.* "If the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must then consider whether the defendant's contacts with the state of Florida are sufficient to satisfy the Due Process clause of the Fourteenth Amendment such that maintenance of the suit in Florida does not offend traditional notions of fair play and substantial justice." *Id.*

Section 48.193, Florida Statutes provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

. . .

> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> 1. The defendant was engaged in solicitation or service activities within this state; or
>
> 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
>
> . . .
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

§ 48.193, Fla. Stat.

The Complaint and the documents incorporated therein allege that Defendant traveled with Plaintiff to Florida, rented a motel room and "spent the weekend drinking alcohol with him, and then left him alone and intoxicated in Florida." (Doc. No. 1-2 at 7.) Plaintiff returned to Illinois and subsequently came back to Florida, by himself, and "right before he left . . . [Defendant] provided yet more prescription controlled substances for him to travel with." *Id*. at 8.  In opposition to Defendant's motion to dismiss, Plaintiff alleged, in a conclusory manner, that Defendant was actively practicing medicine in Florida without a license.  Plaintiff further maintains that Defendant's actions in providing him with prescription drugs prior to him coming to Florida satisfy the requirements of § 48.193(1)(f)(2), Florida Statutes.

Defendant filed an affidavit, wherein she states that she is a medical physician

licensed in the State of Illinois and that she has never been licensed in Florida. (Doc. No. 10-2 at 1.) She concedes that she visited Florida two times, once in July 1996 (from Thursday until Tuesday) and once from April 22 until April 24, 2001, "at the request of Plaintiff." *Id.* at 1-2. Defendant avers that she never "prescribed any medication while within the territorial boundaries of the State of Florida. . . ." *Id.* at 2. Moreover, Defendant denies rendering any medical assistance, guidance, and/or treatment to Plaintiff during the two visits; denies conducting any ongoing business or engaging in solicitation or service activities in Florida; and denies engaging in any substantial and non-isolated activity in Florida. *Id.*

Plaintiff has failed to demonstrate that Defendant engaged in business in Florida or that Defendant engaged in substantial activity within the State. Plaintiff has made only conclusory allegations that Defendant engaged in business in Florida and that Defendant's contacts with the State were substantial.

Plaintiff appears to argue that Defendant is subject to jurisdiction pursuant to section 48.193(1)(f)(2) because Defendant processed or serviced products that were subsequently consumed in Florida. These allegations, however, are not sufficient to vest jurisdiction pursuant to the long-arm statute. Florida courts have held that the term "processed" as contained in section 48.193(1)(f)(2) contemplates "'[t]he conduct of a wholesaler in bringing together large quantities of goods for shipment. . . .'" *Blumberg v. Steve Weiss & Co., Inc.*, 922 So. 2d 361, 364 (Fla. 3rd DCA 2006) (quoting *Wetzel v. Fisherman's Wharf of Pompano Beach, Inc.*, 771 So. 2d 1195, 1198 (Fla. 4th DCA 2000)).

Moreover, Florida courts have determined that "'[t]he statute's use of the term 'serviced' connotes some hands-on contact with the product before it comes into the possession of the ultimate consumer.'" *Id.* (quoting *Plantation-Pioneer Industries Corp. v. Koehler*, 689 So. 2d 1293,95 (Fla. 4th DCA 1997)). Plaintiff's allegations do not demonstrate either that Defendant processed or serviced a product, as those terms have been interpreted. Consequently, the Court finds that the Magistrate Judge did not err in holding that Defendant is not subject to personal jurisdiction in this Court.[2]

## IV. Conclusion

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Objections are **OVERRULED**, and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 20) is **ADOPTED** and **AFFIRMED.**

2. Defendant's Motion to Dismiss (Doc. No. 10, filed July 17, 2007) is **GRANTED.**

3. Plaintiff's Motion to Amend Complaint (Doc. No. 14 at 5, filed August 9, 2007) is **DENIED**.

4. The case is **DISMISSED WITHOUT PREJUDICE**.

5. The Clerk of the Court is directed to close this case.

---

[2]The Court further notes that the Magistrate Judge did not err in holding that Plaintiff's Motion to Amend the Complaint (Doc. No. 14 at 5) should be denied because the proposed amendments were not sufficient to establish personal jurisdiction. Plaintiff did not file an objection to the Magistrate Judge's recommendation as to the motion to amend.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on this ___13th___ day of February, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 2/11
Jeffrey D. Pratte
Counsel of Record

8